IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Timothy L. Wright, a.k.a, Timothy Lee Wright, | ) ) ) | C/A No.: 5:18-263-TMC-KDW |
| Plaintiff, | ) ) ) | |
| v. | ) ) ) | REPORT AND RECOMMENDATION |
| Warden Joseph McFadden and Captain William Brightharp, | ) ) ) | |
| Defendants. | ) ) | |

Timothy L. Wright ("Plaintiff"), is an inmate incarcerated in the Allendale Correctional Institution, a facility of the South Carolina Department of Corrections ("SCDC"). He filed this amended complaint against Warden Joseph McFadden ("McFadden") and Captain William Brightharp ("Brightharp") (collectively "Defendants") alleging a failure to protect claim. This matter is before the court on Defendants' Motion to Dismiss, ECF No. 36, and Motion for Summary Judgment, ECF No. 49. As Plaintiff is proceeding pro se, the court entered *Roseboro*[1] orders on October 11, 2018, and March 5, 2019, advising Plaintiff of the importance of such motions and of the need for him to file adequate responses. ECF Nos. 38, 50.   Plaintiff filed an opposition to Defendants' Motion to Dismiss on November 16, 2018. ECF No. 41. Plaintiff filed an opposition to Defendants' summary judgment motion on May 28, 2019, ECF No. 62, and Defendants filed a Reply on May 31, 2019. ECF No. 63.

This case was referred to the undersigned United States Magistrate Judge for all pretrial proceedings pursuant to the provisions of 28 U.S.C. § 636(b)(1)(A) and (B) and Local Rule 73.02(B)(2)(d) and (e), D.S.C.  Because the Motion to Dismiss and Motion for Summary Judgment

---

[1] *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975) (requiring the court provide explanation of dismissal/summary judgment procedures to pro se litigants).

are dispositive, a Report and Recommendation is entered for the court's review. After careful review and consideration of the evidence and arguments submitted, the undersigned recommends that Defendants' motions be granted.

 I.  Background

Plaintiff alleges he was injured in an attack by an "unknown prisoner" on May 20, 2015 at Lieber Correctional Institution. ECF No. 25-3 at 4. Plaintiff states that at the time he was placed in the holding cell, he was in leg irons and belly chains. *Id.* Plaintiff says the holding cell was beside Brightharp's office and Brightharp was sitting in his office when Plaintiff passed by on the way to the holding cell. *Id.* Plaintiff claims that once Brightharp had knowledge of or "heard" about the incident between him and his fellow inmate, he called for backup. *Id.* Plaintiff states Brightharp and other officers came to the holding cell and both participants were sprayed with "chemical munitions." *Id.* at 5. Plaintiff alleges that he was held in the same cell while the other inmate was moved to a separate holding cell. *Id.* Plaintiff states he was left to "suffer, suffocate, burn and bleeding from the mouth," although he notes he was examined by nurses. *Id.* Plaintiff states he spoke with his mental health counselor on February 2, 2015, about unidentified issues and she was going to speak to the defendants. ECF No. 25 at 1. Plaintiff also claims he wrote requests to defendants on February 2, 2015, asking to be transferred "because of his beef situation with the unknown prisoner, but never got a response." *Id.* Plaintiff requests compensatory and punitive damages and declaratory and injunctive relief. ECF No. 25-3 at 6–7.

 II.  Standard of Review

A federal court must liberally construe pleadings filed by pro se litigants to allow them to fully develop potentially meritorious cases. *See Cruz v. Beto*, 405 U.S. 319 (1972); *see also Haines v. Kerner*, 404 U.S. 519 (1972). To survive a motion to dismiss under Federal Rule of Civil

Procedure 12(b)(6), a complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The court is "not required to accept as true the legal conclusions set forth in a plaintiff's complaint." *Edwards v. City of Goldsboro*, 178 F.3d 231, 244 (4th Cir. 1999). Indeed, "[t]he presence of a few conclusory legal terms does not insulate a complaint from dismissal under Rule 12(b)(6) when the facts alleged in the complaint cannot support the legal conclusion." *Young v. City of Mount Ranier*, 238 F.3d 567, 577 (4th Cir. 2001).

In considering a motion for summary judgment, the evidence of the non-moving party is to be believed and all justifiable inferences must be drawn in favor of the non-moving party. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). However, "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." *Id.* at 248. Further, while the federal court is charged with liberally construing a complaint filed by a pro se litigant to allow the development of a potentially meritorious case, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleadings to allege facts that set forth a federal claim, nor can the court assume the existence of a genuine issue of material fact when none exists. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387 (4th Cir. 1990).

III.     Analysis

A.  Defendants' Motion to Dismiss and Motion for Summary Judgment

1.  Official Capacity (Motion to Dismiss)

Defendants argue that as state officers they are not subject to suit in their official capacities. ECF No. 36-1.  The undersigned agrees.  The Eleventh Amendment provides that "[t]he Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced

or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." U.S. Const. amend. XI. Sovereign immunity protects both the State itself and its agencies, divisions, departments, officials, and other "arms of the State." *See Will v. Michigan*, 491 U.S. at 70. "The ultimate guarantee of the Eleventh Amendment is that non-consenting States may not be sued by private individuals in federal court." *Bd. of Trustees of Univ. of Ala. v. Garrett*, 531 U.S. 356 (2001). Although exceptions to a state's sovereign immunity exists, none applies to Plaintiff's case. *See e.g.*, *Quern v. Jordan*, 440 U.S. 332, 343 (1979) (holding that Congress has not abrogated the states' sovereign immunity under § 1983); S.C. Code Ann. § 15-78-20(e) (stating that South Carolina has not consented to suit in federal district court). Defendants are agents or employees of Lieber Correctional Institution, which is a facility of the SCDC. Accordingly, when acting in their official capacities, they are not "persons" within the meaning of 42 U.S.C. § 1983. The undersigned recommends that Plaintiff's claims against Defendants in their official capacities be dismissed.

2.    Failure to Protect (Motion for Summary Judgment)

Plaintiff alleges Defendants violated his Eighth Amendments rights when they failed to protect him from violence at the hands of another prisoner.  ECF No. 25-3 at 3.[2] Defendants contend they should be granted summary judgment because Plaintiff cannot prove a significant injury, nor can he demonstrate that they were aware of an excessive risk of harm to Plaintiff and consciously disregarded such risk. ECF No. 49-1 at 10-15.

The Eighth Amendment imposes a duty on prison officials "to protect prisoners from violence at the hands of other prisoners." *Farmer v. Brennan*, 511 U.S. 825, 833 (1994) (citation

---

[2] Plaintiff does not identify his alleged assailant by name in his complaint. However, after Defendants identify the inmate as Hazel Stoudemire in their Motions, Plaintiff then uses the inmate's name in his Response.

omitted). To establish a claim for failure to protect from violence, an inmate must show: (1) "that he is incarcerated under conditions posing a substantial risk of serious harm," *id.* at 834, and (2) that the prison officials had a "sufficiently culpable state of mind." *Id.* (internal citations and quotations omitted). "In prison-conditions cases that state of mind is one of 'deliberate indifference' to inmate health or safety." *Id.* (internal citations omitted). To be deliberately indifferent, a prison official must "know[ ] of and disregard[ ] an excessive risk to inmate health or safety." *Id.* at 837.

Defendants offer affidavits from Brightharp and SCDC's Chief, Inmate Grievance Branch Sherman L. Anderson ("Anderson"); Plaintiff's inmate grievances; and Plaintiff's SCDC Medical Summary in support of their motion for summary judgment. ECF Nos. 49-2, 49-6, 49-8 to 49-11. Brightharp attests he was not aware Plaintiff or inmate Hazel Stoudemire ("Stoudemire") were in a holding cell in the medical area until he investigated a "loud rumbling noise" at 1:14 p.m. ECF No. 49-2 at 1. Brightharp states he observed Plaintiff and Stoudemire standing and grasping each other's jumpsuits, and he immediately notified control. *Id.* Brightharp attests chemical munitions were deployed in the cell after the inmates failed to respond to his verbal directives to separate, and he and another officer then physically separated the inmates. *Id.* at 2. Brightharp states Plaintiff was examined by medical staff immediately following the altercation and Plaintiff showed no signs of respiratory distress and he denied any injuries or difficulty breathing. *Id.*

Brightharp also contends that he reviewed his Requests to Staff from this time period and he has no record of Plaintiff writing to him regarding a hardship, or feeling threatened by Stoudemire or any other inmate. *Id.* Brightharp attests that Plaintiff did not express to him that he had any issues with Stoudemire prior to May 20, 2015, and he had no information that would have led him to believe that Wright and Stoudemire posed a threat to each other. *Id.* Anderson contends

he reviewed Plaintiff's grievances from 2010 through July 2018 and Plaintiff had one grievance in July 2010 concerning being attacked by his cellmate. ECF No. 49-6 at 1–2. Anderson attests that none of Plaintiff's other grievances before the May 20, 2015 incident referenced Plaintiff being attacked or feeling threatened by Stoudemire or any other inmate. *Id.* at 2.

In response, Plaintiff claims Defendants have experienced similar situations in the past where inmates have been killed in the same holding cells. ECF No. 62 at 4. Plaintiff also claims he repeatedly wrote requests telling Defendants he and "the unknown prisoner ('Mr. Stoudemire Jr.') were beefing," but he believes these requests disappeared. *Id.* at 4, 9. Finally, Plaintiff states he never spoke with or had any social activities with Stoudemire and did not know his name. *Id.* at 4. Plaintiff contends "he should not have to use Mr. Stoudemire Jr. government name when its already clearly stated on record who Plaintiff is clearly talking about when he states "unknown prisoner." *Id.*

Here, the record does not establish that Defendants knew of, and disregarded, an excessive risk to Plaintiff's safety. Defendants have offered affidavits and Plaintiff's medical records and grievance history to establish that, in the time period immediately preceding the May 2015 altercation, Plaintiff never complained about or indicated that he had any safety concerns regarding any inmate, including Stoudemire. *See* ECF Nos. 49-2, 49-6, 49-8 to 49-11. In fact, in Plaintiff's grievance's addressing the May 20 incident, Plaintiff does not refer to Stoudemire by name, but calls him "an unknown prisoner." ECF No. 49-9. The undersigned finds Plaintiff's conclusory allegations about previous holding cell altercations and sending requests to Defendants about a "beef" with an "unknown prisoner," in conjunction with his admission that he did not have any interactions with Stoudemire or even know his name prior to the incident, fails to create a genuine issue of material fact concerning whether defendants knew of, and disregarded an excessive risk

to Plaintiff's safety. *Larkin v. Perkins*, 22 F. App'x 114, 115 (4th Cir. 2001) (noting the district court properly found a party's "own, self-serving affidavit containing conclusory assertions and unsubstantiated speculation" insufficient to stave off summary judgment); *Ennis v. National Ass'n of Bus. & Educ. Radio, Inc*., 53 F.3d 55, 62 (4th Cir. 1995) ("Mere unsupported speculation . . . is not enough to defeat a summary judgment motion."). The undersigned recommends Defendant's motion for summary judgment be granted on this claim.

Further, to the extent Plaintiff is suing McFadden in a supervisory capacity, the undersigned recommends that this claim also be dismissed. Generally, the doctrine of vicarious liability is inapplicable to § 1983 suits, such that an employer or supervisor is not liable for the acts of his employees, absent an official policy or custom which results in illegal action. *See Monell v. Dep't of Soc. Services*, 436 U.S. 658, 694 (1978); *Fisher v. Washington Metro. Area Transit Auth.*, 690 F.2d 1133, 1142–43 (4th Cir. 1982). Higher officials may be held liable for the acts of their subordinates, if the official is aware of a pervasive, unreasonable risk of harm from a specified source and fails to take corrective action as a result of deliberate indifference or tacit authorization. *Slakan v. Porter*, 737 F.2d 368, 372 (4th Cir. 1984).

Plaintiff argues McFadden failed to properly document in SCDC's records that he noted in his response to Plaintiff's grievance that he took appropriate action regarding the May 20, 2015 incident. ECF No. 62 at 13. Plaintiff also claims McFadden did not enforce or make sure Brightharp followed Lieber and SCDC policy concerning pursuing charges against both Plaintiff and Stoudemire. *Id.* The undersigned finds Plaintiff has failed to offer sufficient facts to demonstrate McFadden personally violated Plaintiff's constitutional rights or that he was deliberately indifferent to Brightharp's actions that allegedly posed a constitutional risk of injury to Plaintiff. McFadden's alleged failure to comply with SCDC policy or properly respond to

Plaintiff's grievances does not rise to the level of a constitutional violation. *See Riccio v. County of Fairfax, Va.*, 907 F.2d 1459, 1468  (4th Cir. 1990) ("Alleged violations of due process in the deprivation of a protectable interest are to be measured against a federal standard of what process is due . . . . If state law grants more procedural rights than the Constitution would otherwise require, a state's failure to abide by that law is not a federal due process issue."). The undersigned recommends summary judgment be granted on this ground.

>   3.   Qualified Immunity

Defendants assert they are entitled to qualified immunity from Plaintiff's lawsuit. ECF No. 49-1 at 15–17.  The Supreme Court in *Harlow v. Fitzgerald* established the standard that the court is to follow in determining whether a defendant is protected by this immunity. That decision held that government officials performing discretionary functions generally are shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known.  *Harlow*, 457 U.S. 800, 818 (1982).

When evaluating a qualified immunity defense, the court must determine (1) whether the facts alleged, taken in the light most favorable to the plaintiff, show that the defendants' conduct violated a constitutional right, and (2) whether that right was clearly established at the time of the alleged misconduct.  *Pearson v. Callahan*, 555 U.S. 223, 232 (2009). The two prongs of the qualified immunity analysis may be addressed in whatever order is appropriate given the circumstances of the particular case.  *Id.* at 236.  In determining whether the right violated was clearly established, the court defines the right "in light of the specific context of the case, not as a broad general proposition." *Parrish v. Cleveland*, 372 F.3d 294, 301. (4th Cir. 2004). "If the right was not clearly established in the specific context of the case - that is, if it was not clear to a

reasonable officer that the conduct in which he allegedly engaged was unlawful in the situation he confronted—then the law affords immunity from suit." *Id*. (citations and internal quotation omitted).

The record before the court shows Defendants did not transgress any statutory or constitutional rights of Plaintiff that they were aware of in the exercise of their respective professional judgments. Defendants also performed the discretionary functions of their respective official duties in an objectively reasonable fashion. Thus, to the extent the district judge finds that a constitutional violation occurred, the undersigned recommends that Defendants be granted qualified immunity.

IV.    Conclusion and Recommendation

Based on the foregoing, it is recommended that Defendants' Motion to Dismiss, ECF No. 36, and Motion for Summary Judgment, ECF No. 49, be granted and this case be dismissed.

IT IS SO RECOMMENDED.

June 7, 2019                                        Kaymani D. West
Florence, South Carolina                     United States Magistrate Judge

**The parties are directed to note the important information in the attached
"Notice of Right to File Objections to Report and Recommendation."**

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. [I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation. *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

**Robin L. Blume, Clerk**
**United States District Court**
**Post Office Box 2317**
**Florence, South Carolina 29503**

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).