IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ORANGEBURG DIVISION

| | | |
|---|---|---|
| Timothy L. Wright, | ) | |
| | ) | C/A No. 5:18-263-TMC |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| Warden Joseph McFadden and | ) | |
| Captain William Brightharp, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

Plaintiff Timothy L. Wright ("Wright"), a state prisoner proceeding pro se, filed this action pursuant to 42 U.S.C. § 1983, alleging a failure to protect claim against Defendants Warden Joseph McFadden ("Warden") and Captain William Brightharp ("Brightharp") (collectively "Defendants"). Defendants filed a motion to dismiss raising Eleventh Amendment immunity (ECF No. 36), and Wright filed a response opposing the motion (ECF No. 41). Defendants also filed a motion for summary judgment (ECF No. 49). Wright filed a response opposing the summary judgment motion (ECF No. 62), and Defendants filed a reply to Wright's response (ECF No. 63). On June 7, 2019, Magistrate Judge Kaymani D. West issued a Report and Recommendation ("Report") recommending that Defendants' motions be granted. (ECF No. 64).[1] Plaintiff timely filed objections to the Report. (ECF No. 66).

The Report has no presumptive weight and the responsibility to make a final determination in this matter remains with this court. *See Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). In the absence of objections, this court is not required to provide an explanation for adopting the Report. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983). Rather, "in the absence of a timely filed

---
[1] In accordance with 28 U.S.C. § 636(b) and Local Rule 73.02(B)(2), D.S.C., all pre-trial proceedings were referred to a magistrate judge.

objection, a district court need not conduct a de novo review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note). Furthermore, failure to file specific written objections to the Report results in a party's waiver of the right to appeal the district court's judgment based upon that recommendation. *See* 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).

## I. Facts

In his Amended Complaint, Wright alleges a failure to protect claim stemming from an incident that occurred on May 20, 2015. (ECF No. 25-3 at 4). On that day, Wright was housed in the specialized management unit ("SMU") at the Lieber Correctional Institution. *Id.* Wright was taken from his cell in the SMU for a sick call visit and placed in a holding cell outside of Brightharp's office, Cell #4. *Id.* at 4, 8. Wright alleges that when he was placed in the holding cell, he was restrained with belly chains and leg irons. *Id.* There was another inmate in the holding cell, later identified as Hazel Stoudemire, who also was restrained with belly chains and leg irons. *Id.* at 3, 9; ECF No. 49-2 at 1. Wright alleges Stoudemire attacked him without provocation. (ECF No. 25-3 at 4). Once Brightharp became aware of the altercation, he called for back-up. *Id.* at 5. To separate Wright and Stoudemire, the officers sprayed chemical munitions on the inmates. *Id.* Wright contends that afterwards he was forced to remain in the cell where the chemical munitions had been deployed. *Id.*

## II. Legal Standard

Summary judgment is appropriate if, after reviewing the entire record in a case, the court is

satisfied that no genuine issues of material fact exist and that the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). An issue of fact is genuine if the evidence is such that a reasonable jury could return a verdict for the plaintiff. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). Issues of fact are material only if establishment of such facts might affect the outcome of the lawsuit under the governing substantive law. *Id.*

### III. Discussion

In his Amended Complaint, Wright alleges a failure to protect claim against Defendants. (ECF No. 25). The Eighth Amendment requires prison officials to fulfill "certain basic duties," including, the duty to take "reasonable measures to guarantee the safety of the inmates." *Raynor v. Pugh*, 817 F.3d 123, 127 (4th Cir. 2016) (quoting *Farmer v. Brennan*, 511 U.S. 825, 832 (1994)). However, "[n]ot every unpleasant experience a prisoner might endure while incarcerated constitutes cruel and unusual punishment within the meaning of the Eighth Amendment." *Ivey v. Wilson*, 832 F.2d 950, 954 (6th Cir. 1987). To succeed on a claim for failure to protect, a prisoner must show: (1) "that he is incarcerated under conditions posing a substantial risk of serious harm" and (2) that prison officials exhibited deliberate indifference to his health or safety. *Farmer*, 511 U.S. 825 at 834; *see also De'Lonta v. Angelone*, 330 F.3d 630, 634 (4th Cir. 2003).

A prison official "is deliberately indifferent to a substantial risk of harm to a [prisoner] when that [official] 'knows of and disregards' the risk." *Parrish ex rel. Lee v. Cleveland*, 372 F.3d 294, 302 (4th Cir. 2004) (quoting *Farmer*, 511 U.S. at 837). "A prison official is not liable if he or she 'knew the underlying facts but believed (albeit unsoundly) that the risk to which the facts gave rise was insubstantial or nonexistent.'" *Strickland v. Halsey*, 638 Fed. App'x 179, 185 (4th Cir. 2015) (quoting *Farmer*, 511 U.S. at 844). A showing of negligence does not rise to the level of deliberate indifference. *Davidson v. Cannon*, 474 U.S. 344, 347-48 (1986).

In their summary judgment motion, Defendants argue Wright did not suffer a violation of his constitutional rights, and, even if he did, they contend that they are entitled to qualified immunity. (ECF No. 49 at 1). In response, Wright states that Defendants violated his constitutional rights by: (1) failing to protect him and placing him in a condition posing a substantial risk of serious harm; (2) failing to adequately supervise and train employees; (3) failing to develop an effective procedure for reporting policy violations; and (4) failing to discipline employees. (ECF No. 62 at 7-8). He further argues that it is undisputed that he suffered serious injuries, a bloody mouth, bruises, and "a bad painful rib cage," which required immediate medial treatment and treatment for several months afterwards. *Id.* at 8. Finally, Wright contends that Defendants knew of the risk of placing him in the holding cell with another inmate because he had repeatedly written requests that he and an unknown prisoner were "beefing" and, moreover, inmates in SMU are generally the most dangerous inmates. *Id.* at 9, 10.

In her Report, the magistrate judge determined that the record does not establish that Defendants knew of and disregarded an excessive risk to Wright's safety. (ECF No. 64 at 6). She notes that the grievance which Wright filed regarding the incident referred to Stoudemire an "an unknown prisoner." *Id.* She specifically concluded that Wright's "conclusory allegations about previous holding cell altercations and sending requests to Defendants about a 'beef' with 'an unknown prisoner,' in conjunction with his admission that he did not have any interactions with Stoudemire or even know his name prior to the incident, fails to create a genuine issue of material fact concerning whether defendants knew of, and disregarded an excessive risk to [Wright's] safety." *Id.* at 6-7. Further, she concluded that any alleged violations of SCDC policy would not rise to the level of a constitutional violation. *Id.* at 8-9. She also determined that Defendant McFadden, who is being sued in his supervisory capacity, should be dismissed because vicarious

liability is inapplicable to § 1983 actions. *Id.* at 7. Finally, she recommended that Defendants be granted qualified immunity. *Id.* at 9.

In his objections, Wright generally objects to the Report. (ECF No. 66). Wright states that once Brightharp heard the incident in the holding cell, he called for backup and that chemical munitions were deployed to separate the inmates. *Id.* at 3. Wright argues that he is suing Defendant in their individual and official capacities presumably to oppose the magistrate judge's recommendation regarding McFadden's supervisory liability. *Id.* at 4. Wright also asserts that Defendants violated his constitutional rights by failing to protect him. *Id.* at 4. He argues that despite Defendants' knowledge of the May 20th incident, neither he nor Stoudemire were disciplined after the altercation. *Id.* at 5. He contends that he was not charged with a disciplinary violation because Brightharp did not want to get into trouble for not following SCDC policy. *Id.*

After reviewing the entire record, the court agrees with the magistrate judge's conclusion that Wright has failed to show that Defendants knew of and disregarded an objectively serious risk of harm to him. *See Baze v. Rees*, 553 U.S. 35, 50 (2008) (noting that the Eighth Amendment protects against a risk of future harm that is "'sure or very likely to cause serious illness and needless suffering'") (quoting *Helling v. McKinney*, 509 U.S. 25, 33 (1993)). While Wright appears to argue that two SMU inmates should never be placed in a holding cell together, when Wright and Stoudemire were placed in the same cell, each had belly chains and leg irons.[2] At best, Wright informed Defendants that he was beefing with an unknown prisoner. However, Wright has not presented any evidence that Stoudemire specifically posed a serious risk of violence to him

---

[2]Other courts have recognized that commingling restrained inmates and unrestrained inmates could constitute deliberate indifference to the restrained inmate's safety in violation of that inmate's constitutional rights. *See, e.g., Glispy v. Raymond*, No. 06-14269-CIV, 2008 WL 5689930, at *7 (S.D. Fla. Nov. 19, 2008); *Kelly v. Miller*, 639 F. Supp. 56, 58 (M.D. Pa. 1985). However, here, both inmates were restrained. (ECF Nos. 25-3 at 3, 9; 49-2 at 1).

prior to the incident on May 20th, and he does not allege that he warned Defendants McFadden or Brightharp of any threat by Stoudemire. *See Pope v. Shafer*, 86 F.3d 90, 92 (7th Cir. 1996) ("In failure to protect cases, '[a] prisoner normally proves actual knowledge of impending harm by showing that he [or she] complained to prison officials about a specific threat to his [or her] safety.'") (quoting *McGill v. Duckworth*, 944 F.2d 344, 349 (7th Cir. 1991))).

Moreover, Wright alleges that once Brightharp heard the altercation in the holding cell, he called for backup. (ECF No9. 25-3 at 5). After backup officers had arrived, chemical munitions were deployed to separate the inmates, and the inmates were then moved to separate cells. *Id.* Wright does not dispute Defendants' assertion that two officers were required to move each inmate, and Wright was moved from the holding cell where the chemical munitions were deployed within a short time after Stoudemire was first taken to another cell. (ECF No. 49-2 at 2). Further, Wright and Stoudemire were assessed by medical personnel, *id.*, and, as the video shows, Wright did not complain of any injuries immediately after the altercation, ECF No. 49-4. Moreover, as Defendants state, the video also shows that Wright was in Cell #3 when he was taken for this medical assessment, and not in Cell #4 where the chemical munitions were deployed. (ECF No. 49-4). Accordingly, the court agrees with the magistrate judge's conclusion that Defendants did not know of and disregard an excessive risk to Wright's safety.

Additionally, Wright alleges McFadden failed to follow SCDC policy after the incident on May 20, 2015. (ECF No. 62 at 13). Even if this allegation is true, violations of policies and procedures do not rise to the level of a constitutional violation. *See Riccio v. Cty. of Fairfax, Va.*, 907 F.2d 1459, 1469 (4th Cir. 1990) ("[T]o hold that a state violates the Due Process Clause every time it violates a state-created rule regulating the deprivation of a property interest would contravene the well recognized need for flexibility in the application of due process doctrine.");

*Scott v. Hamidullah*, No. 3:05-3027-CMC-JRM, 2007 WL 904803, at *5 n.6 (D.S.C. Mar. 21, 2007) ("To the extent Plaintiff alleges that Defendants did not follow their own policies, his claim fails as a failure of prison officials to follow their own policies or procedures, standing alone, do not amount to constitutional violations."). Accordingly, Wright has failed to state a claim based on McFadden's alleged failure to follow SCDC policy after the May 20, 2015 incident.

Based on the foregoing, the court finds that the record does not support a failure to protect claim and that there is no genuine issue of material fact. Accordingly, the court grants Defendants' motion for summary judgment. Because Wright has failed to establish a constitutional violation, the court does not need to address the issue of qualified immunity.

### IV. Conclusion

After a thorough review of the Report and the record in this case, the court adopts the Magistrate Judge's Report (ECF No. 64) as modified. Accordingly, Defendants' Motion for Summary Judgment (ECF No. 49) is **GRANTED,** and this action is **DISMISSED with prejudice**. Because the court grants Defendants summary judgment, the court finds Defendants' Motion to Dismiss (ECF No. 36) is moot.

**IT IS SO ORDERED.**

s/Timothy M. Cain
United States District Judge

Anderson, South Carolina
July 8, 2019

### NOTICE OF RIGHT TO APPEAL

The parties are hereby notified of the right to appeal this order pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.